*The final accounting in* John Woodhead's *Estate.*

ATTACHMENT against executor for disobedience to a decree for payment of money to a creditor.

S. H. THAYER, *for Executor.*

W. G. ANNAN, *for Creditor.*

THE SURROGATE. The executor is the son of the testator, and was his partner in business, which was carried on under the name of John Woodhead and Son. The estate is personal property only. In his accounts the executor charged himself with assets amounting to $4,067.85, and credited himself with expenses of funeral and of administration $580.01, and with debts paid $3,906.49, making a deficiency of assets of $418.65. It would appear that he had paid all debts except one, that of Clifton Angrave, being a judgment recovered against the executor of John Woodhead for a debt of the intestate, amounting to $2,746.41.

Of the amount, $3,906.49, thus paid as debts of the estate, $3,105 was paid for board to Mary Duff. This claim of Mrs. Duff, as shown by the executor's testimony, was for board of the entire family, consisting of the testator's wife, the executor, his sister and her child, from October, 1865, "for five or six months." The testator died November 5th, 1865. The bulk of this claim was clearly not a charge against the estate.

The Surrogate allowed $460 for one month's board of the testator, and disallowed the remainder, the whole charge being without even a verification.

While spending almost the entire assets of the estate in this unauthorized manner, the executor seems to have utterly neglected or determined not to pay the judgment of $2,746.41, of which he had full and repeated notice, and of which he makes no mention in his account.

When this claim of Angrave was served on him, he admits he did not even examine the paper.

Under these circumstances, the Surrogate settled the accounts of the executor, charging him personally with the expenses of the accounting, and, finding that there were or should be assets in his hands sufficient to pay 87 per cent of all claims against the estate, decreed the payment of $2,389.94 to Clifton Angrave, being his proportionate share of distributable assets, and in full payment to him on this accounting. Payment of this sum being still refused, a judgment was docketed by the creditor on the Surrogate's certificate, and execution issued and returned wholly unsatisfied. The present application is for an attachment against the person of the executor.

It is undoubtedly true, as urged by the executor's counsel, that the Surrogate's Court does not and will not punish an innocent inability to pay with imprisonment; that the power (almost solely residing in this Court) to imprison for non-payment of a sum decreed to be due, is one to be exercised with extreme moderation and caution, and in conformity with the liberal policy of our law. But it is also true that the Surrogate, in whom such a weighty responsibility in the care of estates and the direction of their administration is vested, sits under a solemn duty to see that the rights of all parties interested, creditors as well as legatees and kin, are fully vindicated. Where an executor, as in this case, neglects or refuses to take any notice of a claim presented, ignores a judgment recovered against him, and uses the assets intrusted to him in the payment of board for himself and for others, who had no right to it until the creditors were paid, he conducts himself in a manner so wholly culpable that no excuse can be offered for him. His is not the plea of innocent inability to pay. He has paid what were not debts of the estate, and has not paid its debts. He has mixed up the assets of the estate with his own funds, and has maladministered them so as to commit a fraud upon the creditor. The

creditor has a right to demand the aid of all the legal process of this Court to enforce the judgment rendered in his favor.

There must be an attachment against Alburtus Woodhead.